Reed, J.
Defendant in error, (plaintiff below,) brought suit against the plaintiffs in error by filing the following complaint:
Mattie Fuhrmann, plaintiff, v. P. C. Pierson and John J. Hughes, l Complaint. partners, doing business under the firm name and style of P. C. Piebson & Co., defendants.
Plaintiff complains of the defendant, and for cause of action alleges: ' . '
I. That she and the defendants are citizens of said county and state.
II. That she does not seek to recover in this action a sum in excess of $2,000.
III. That the defendants, as this affiant is informed and believes, were on the sixteenth day of September last, and still are engaged in the city of Denver, said county and state, in the business of gambling and the running of a “ bank ” table or game commonly known as “ faro.”
IY. That on the-day of September last, at Denver, Colorado, the plaintiff was possessed of, as her own separate property, one hundred and thirty-five dollars, ($135,) lawful money of the United States ; that on said day she deposited the same with one Joseph Fhhrmann for safe keeping;
Y.. And plaintiff further alleges on information and belief that the said one hundred and thirty-five dollars, ($135,) her separate property, as aforesaid, so deposited with Joseph Fuhrmann was, between the sixteenth day of September last and the fourth day of October, instant, paid to the defendants- by said Joseph Fuhrmann, without her knowledge, consent or approval, by reason and on account of the said *189 defendants engaging the said Joseph Fuhrmann in a game of chance commonly called faro.
That the said payment by the said Joseph Fuhrmann to the said defendants of the said sum was illegal and without consideration, and wholly unauthorized by this plaintiff, wherein and whereby the defendants received the said $185 to the use of the plaintiff.
YI. That on the eighth day of October, instant, and prior to the commencement of this action, this plaintiff demanded payment of said sum of $185 from the defendants.
YII. That said defendants have not paid any part of said sum, though requested so to do.
Wherefore, plaintiff prays judgment against the said defendants for $135.00, with interest at ten per cent per annum since October 3, 1890, and for cost of suit.
To which the defendants filed a demurrer, the grounds being:
“ First. That said complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them.
“ Second. That there is a misjoiner of parties defendant.
“ Third. That the complaint is ambiguous, unintelligible and uncertain, in this that it fails to show when and where, if at all, said money was paid to defendants, or either of them.
“ Fourth. That the relief sought is unlawful. Wherefore defendants prayed judgment for their costs in this case,” which was overruled by the court. Defendants elected to stand by the demurrer, and declined to answer over, whereupon, judgment was given for the plaintiff for the amount claimed with interest at eight per cent upon the same after date of the rendition of the judgment.
The only questions to be determined are as to the sufficiency of the complaint to warrant the judgment.
It is contended that the names of the defendants and the allegation of partnership should have been stated in the body *190 of the complaint. They are fully stated in the caption and a repetition is not required. Bliss on Code Plead’s, § 145.
It is claimed that there is a misjoinder of parties defendant. A demurrer can o’nly go to matters apparent upon the face of the pleading. Nothing appears there to indicate a misjoinder.
It is stated in argument that Hughes was not a partner— That a man by the name of Murray was. Such fact might be made available by pleading it, but cannot prevail upon demurrer.
The action is to recover money received by the defendants to the use of the plaintiff, and the action will lie where defendant has received money either from the plaintiff or a third person under such circumstances that in equity and good conscience he ought not to retain the same, and which eai aequo et bono belongs to the plaintiff. This was the rule at common law and has been asserted in the courts of almost every state in the union.
In Jacobs v. Pollard, 10 Cush. (Mass.) 287, it is said: “ In all cases where money is held by a person, whether it came into’ his hands rightfully or wrongfully, that in fact belongs to another, the true owner may maintain an action against him for its recovery.” See Mason v. Waite, 17 Mass. 558.
In 4 Wait’s Act’s & Def’s, 508, the law is stated to he, that, “ whenever a person has money in his hands that belongs to another, no matter how he came into the possession of it, and upon which he has no legal or equitable claim, as against the true owner, and which he has no right to hold against him, it may he recovered by the true owner in this form of action.” See also Alderson v. Ennor, 45 Ill. 129; Gilman v. Cunningham, 42 Me. 98; Norway v. Clear Lake, 11 Iowa 506; Robbins v. Ins. Co., 12 Mo. 380; Buel v. Boughton, 2 Denio (N. Y.) 91.
The complaint is inartificially drawn, but tested by these well settled rules it contains, in substance, every material allegation necessary to constitute a cause of action by the plaintiff against the defendants.
*191 The individual money of plaintiff is alleged to have been placed for safe keeping in the hands of Joseph Fuhrmann. He was only a custodian without a right to use it. “ Without her knowledge, consent or approval,” he lost it in gambling, to the defendants, who refused to return it upon demand. She was not in pari delicto.
The judgment of the county court is affirmed.

Affirmed.